IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS COX, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | 14-5214 |
| | : | |
| P/O KENNETH BOLTON, et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                            **August  27, 2015**

      While incarcerated at the Philadelphia Industrial Correctional Center, Marcus Cox attempted to bring a civil rights action against various police officers and detectives of the Philadelphia Police Department.  The proposed complaint was based on events which had occurred on March 8, 2012.  Because the action was time-barred, I dismissed it after granting his motion to proceed *in forma pauperis*.  See Document #2.

      Mr. Cox filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Motions for reconsideration under Rule 59(e) serve primarily to correct manifest errors of law or fact in a prior decision of the court.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).  Under Rule 59(e), a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See Schumann v. AstraZeneca Pharms., L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting Max's Seafood Café ex rel. Lou-Ann Inc. v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see also Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Here, Mr. Cox argues that the court should reconsider its dismissal of his time-barred complaint based on "newly available" evidence.  He claims that at a preliminary hearing in March 2012, the prosecutor intentionally censored video footage to prevent Mr. Cox and his attorney from viewing the video in its entirety.  Further, he indicates that the trial court also prevented Mr. Cox from viewing the entire video.  Mr. Cox asks that this court deem this evidence "newly available."  He is certain that if he and this court view the video in its entirety, the court would be able to correct a clear error and prevent a manifest injustice.

Unfortunately, the video in question cannot be viewed as newly available evidence.  It was in fact available at the time of the state court proceeding and was even the subject of a trial court Order restricting its viewing.  Under these circumstances, I must deny the motion to alter the judgment under Rule 59(e).

An appropriate Order follows.